



**FILED**
**Oct 02, 2023**
**12:47 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Reazkallah Abdelshahaed | ) | Docket No. 2021-05-0272 |
| | ) | |
| v. | ) | State File No. 800172-2021 |
| | ) | |
| Taylor Fresh Foods, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

**Affirmed and Certified as Final**

---

This is an appeal of a compensation order denying benefits. The employee alleged he suffered a laceration to his left forefinger resulting in a need for medical treatment. Following an expedited hearing, the trial court ordered the employer to provide a panel. The employer complied with the order, and the employee had one appointment with the panel-selected physician. The court also issued a scheduling order with various discovery and proof deadlines. Neither party filed documents in compliance with that order, and, at the compensation hearing, neither party introduced any medical proof or offered any admissible exhibits. The trial court found the employee failed to prove his alleged injury arose primarily out of and in the course and scope of his employment and denied benefits, and the employee has appealed. Upon careful consideration of the record, we affirm the order and certify it as final.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Reazkallah Abdelshahaed, Lavergne, Tennessee, appellant, pro se

Peter S. Rosen, Nashville, Tennessee, for the appellee, Taylor Fresh Foods, Inc.

**Factual and Procedural Background**

Reazkallah Abdelshahaed ("Employee") alleged he suffered a work-related injury on November 4, 2020, when he cut his left forefinger with a knife while at work at Taylor Fresh Foods, Inc. ("Employer"). Employee alleged that he was pushed by his supervisor, causing the knife to slip and cut his finger. For its part, Employer claimed the first notice

1

it received of any alleged injury was the initial petition for benefit determination, which was filed by Employee in May 2022. Employer denied the claim on several bases, including lack of evidence of medical causation and a lack of need for medical treatment beyond first aid.[1] A dispute certification notice was issued later that month, and an expedited hearing was held on November 21, 2022. At that time, the trial court determined Employee had presented sufficient evidence to show at the interlocutory stage that he was entitled to a panel of physicians. That order was not appealed, and Employer sent a panel of three physicians to Employee.[2]

The parties had a scheduling hearing on February 22, 2023, and Employee did not participate. In the order, various deadlines were set, including the completion of all depositions of lay witnesses by May 1, 2023, and the completion of expert medical proof by June 1, 2023. Employer sent a notice of deposition on April 21, 2023, setting Employee's deposition for April 27, 2023. Employee's son attended the deposition with him, intending to interpret for his father. Employer had provided a certified interpreter as required by applicable rules and objected to Employee's son's presence during the deposition. Employee refused to proceed with the deposition if his son could not interpret for him instead of the Employer-retained interpreter. The parties called the court for direction, and the judge informed Employee that his son was not entitled to be in the room at the time of the deposition. Employee stated again that he would leave, prompting the court to state, "[I]f you leave, there will be consequences. . . . You may be charged [with contempt]. You may have evidence excluded. You may have your case dismissed." Despite this warning, Employee left the deposition, and Employer filed a motion for sanctions. The court granted the motion in a May 10, 2023 order requiring Employee to pay $250.00 in expenses to Employer, although the order held the payment in abeyance until the conclusion of the case. Employee filed an untimely appeal of that order on June 12, 2023, which we dismissed pursuant to Tennessee Code Annotated section 50-6-217(a)(2)(A).

Ultimately, Employee selected Dr. Paul Abbey from the panel provided by Employer, and an appointment occurred on June 8, 2023, which was after the deadline for medical proof set forth in the scheduling order.[3] Employee also went to see his

---

[1] The record does not indicate that Employer asserted the expiration of the statute of limitations and/or untimely notice as defenses.

[2] Employee emailed the clerk of the Appeals Board and attached an incomplete notice of appeal on November 28, 2022. However, he never properly filed the notice with the clerk of the Court of Workers' Compensation Claims as required by Tenn. Comp. R. and Regs. 0800-02-22-.01(1) (2020). Furthermore, it did not identify the date of the trial court order being appealed, the judge who issued the order, or any reviewable issues for appeal. As such, to the extent Employee intended to appeal the November 21, 2022 order granting medical benefits, we dismissed the appeal as fatally flawed on March 2, 2023.

[3] Employer contended the selection was not made until May 31, 2023. Employee contended he made the selection earlier. Regardless, neither party filed a motion to amend the court's scheduling order.

personal chiropractor, Dr. Larry McCoy.  Employee attempted to file the record from that visit prior to the compensation hearing, and Employer objected to the admissibility of that document.  The court agreed and excluded the record from evidence.

The compensation hearing occurred on July 18, 2023.  In the order from that hearing, the trial court observed that neither party filed a witness list, exhibit list, or pre-trial hearing statement, and that no medical proof was submitted.  With no medical proof establishing Employee's alleged injury arose primarily out of and in the course and scope of his employment, the trial court determined Employee had not met his burden of proof and entered a compensation order denying benefits.  Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022).  When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.  *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009).  However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

In his notice of appeal, Employee lists the following issues:

Acceptance of the doctor reports; Acceptance [of] compensation for my injury; Accepting my son [to] help me translate; reopen my case and investigation of concealment of documents; looking [illegible] explain obstruction of the case [and] look all documents [that] support my case.

Neither party timely filed a brief in this appeal, and neither party filed a transcript of the compensation hearing.[4]  Employee did file several screenshots of emails with his notice of appeal, none of which appear to have been filed with the trial court prior to the compensation hearing, as well as a written statement "appealing the verdict against [him]."  In his statement, Employee asserts that "[a]ll allegations are false," and he claims that the court and/or Employer's counsel have hidden or altered documents.  Employee requested in his statement that his son be allowed to interpret for him instead of the interpreter retained by Employer.  He indicates that he had requested a new judge be placed on the case and that his request went "unanswered."  He further wants assistance related to his termination from Employer, help from legal aid, and he ends the statement with "[p]lease help me lift the injustice."

Without a transcript or a brief, we have no way to determine what issues were addressed by the trial court during the hearing, other than statements contained in the compensation order.  In the absence of a transcript, we must presume that the evidence presented at the hearing supported the findings of the trial court.  *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."); *Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

Of the issues raised by Employee, the only issue properly before the court that was addressed at the compensation hearing was the trial court's exclusion of Dr. McCoy's report.[5]  The court observed that Employee submitted no medical proof to establish that his alleged injury arose out of and occurred in the course and scope of his employment as required by Tennessee Code Annotated section 50-6-102(12) (2022).  Although Employee attempted to file Dr. McCoy's report, which he believes is relevant to his case, he did not do so until seven days prior to the compensation hearing.  All medical proof was due no later than ten business days prior to the hearing, pursuant to both the scheduling order and the regulations of the Court of Workers' Compensation Claims.  *See* Tenn. Comp. R. & Regs. 0800-02-21-.16(2)(a) (2022).  Moreover, even if timely submitted, the report is unsigned and unauthenticated and is inadmissible hearsay.

---

[4] Employer filed a brief on September 26, 2023, one day after the deadline to file its brief had expired, and it was not accompanied by a motion to accept the late filing.  *See* Tenn. Comp. R. & Regs. 0800-02-22-.06(3) (2020).  Accordingly, we have not considered the brief in the resolution of this appeal.

[5] The trial court's order indicates that Employee claimed he was wrongfully terminated by Employer following the alleged work injury, but, as stated by the trial court at that time, the Court of Workers' Compensation Claims does not have jurisdiction over claims of wrongful termination.  Given that we also have no such jurisdiction, there is no need to discuss this allegation on appeal.

4

Counsel for Employer timely objected in writing to its admissibility. We can find no abuse of discretion in the trial court's exclusion of the report. *See Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (an abuse of discretion occurs when the trial court's decision causes an injustice by applying an incorrect legal standard, reaching an illogical conclusion, or by resolving the case based on a clearly erroneous assessment of the evidence).

Based on our review of the court's compensation hearing order, none of the other issues raised by Employee were raised at trial. As we have stated previously:

> It is well-established that, apart from limited exceptions not applicable here, issues not presented to and decided by the trial court will not be considered by appellate courts. This rule has been described as a "cardinal principle of appellate practice." Consequently, when a party fails to raise an issue in the trial court, the party waives its right to raise that issue on appeal. The rationale for the rule is that the trial court should not be held in error when it was not given the opportunity to rule on the issue or the argument being advanced on appeal. If the rule were otherwise, parties could forego bringing to the trial court's attention a potentially dispositive error or issue and then, if dissatisfied with the outcome, essentially ambush the trial court's decision on appeal based on the error or issue that could have been raised below. To avoid this untenable situation, "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal." Indeed, in most instances, an issue raised for the first time on appeal will be deemed waived.

*Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14-15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (internal citations omitted). In short, Employee has provided no documentation that any of the other issues he attempts to raise in his notice of appeal or his statement were raised at trial, and thus we conclude they have all been waived.

## Conclusion

For the foregoing reasons, we affirm the court's order and certify it as final. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Reazkallah Abdelshahaed | ) Docket No. 2021-05-0272 |
| | ) |
| v. | ) State File No. 800172-2021 |
| | ) |
| Taylor Fresh Foods, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of October, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Reazkallah Abdelshahaed | X | X | | X | reazkallahabdelshahaed@yahoo.com 456 Cedar Park Cir. LaVergne, TN 37086 |
| Peter S. Rosen | | | | X | prosen@vkbarlaw.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov